## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN DISCOVERY LIMITED, EXTEND RESOURCES LLC and HGC, INC.<br><br>Plaintiffs,<br><br>v.<br><br>COAST AUTONOMOUS LLC, DAVID HICKEY, PIERRE LEFEVRE, MAX LEFEVRE, CYRIL ROYERE and ADRIAN SUSSMANN,<br><br>Defendant. | Case No.<br><br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiffs American Discovery Limited, Extend Resources LLC and HGC, Inc., by way of Complaint against Defendants Coast Autonomous LLC, David Hickey, Pierre Lefevre, Max Lefevre, Cyril Royere and Adrian Sussmann, hereby allege as follows:

### THE PARTIES

1.      Plaintiff American Discovery Limited ("American Discovery"),  is a Hong Kong Limited Company with its principal address at Dah Sing Life Building, 11th Floor, 99 Voeux Road Central, Hong Kong, and its U.S. address at P.O. Box 4413, Stamford, Connecticut 06907.   American Discovery is a worldwide provider of legal process outsourcing services in the areas of managed document review, litigation and other support services, discovery consulting, legal research and contract management.

2.     Plaintiff Extend Resources LLC ("Extend"), is a Delaware Limited Liability Company with its principle place of business at 1127 High Ridge Road, Suite 170, Stanford, Connecticut 06905.  Extend Resources is a business and legal solutions company that provides contract management, information security, eDiscovery and other management information processing services.  The members of Extend are Howard Hoffmann, a resident of the State of New York, and De Novo Perspectives LLC, a Delaware Limited Liability Company.  The members of De Novo Perspectives LLC are Howard Hoffmann and Michael Yeager, a New Jersey resident.

3.     Plaintiff HGC, Inc. ("HGC") is a Connecticut corporation, with its principle place of business at P.O. Box 17272, Stamford, Connecticut 06907.  HGC is a consulting firm that also makes secured investments in certain service-oriented businesses.

4.     Defendant Coast Autonomous LLC ("Coast), is a California Limited Liability Company with its principle place of business at 23 East Colorado Boulevard, Suite 203, Pasadena, California 91105.  Coast is in the business of creating, developing and deploying autonomous vehicle technologies for commercial use.

5.     Defendant David Hickey ("Hickey") is a resident of the State of California, residing at 1655 Euclid Avenue, San Marino, California 91108.  Hickey is a member (owner), Chairman and CEO of Coast.

6.     Defendant Pierre Lefevre ("Pierre") is a member (owner), board member and the Chief Technology Officer of Coast, residing at 1217 Sunset Drive, Clearwater, Florida 33755.

2

7.     Defendant Max Lefevre ("Max") is a member (owner) and the Marketing and Communications Director of Coast, residing at 1217 Sunset Drive, Clearwater, Florida 33755.

8.     Defendant Cyril Royere ("Royere") is a member (owner) and the Robotics Chief of Coast, residing at 9 Rue de la Justice, 60200 Compiegne, France.

9.     Defendant Adrian Sussmann ("Sussmann") is a member (owner), board member and a President of Coast, residing at 2770 Arapahoe Road, #132-246, Lafayette, Colorado 80026.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction under 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

11.     This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privileges and benefits of the laws of the State of New York, including through dealings with Plaintiffs in the State of New York.

12.     Defendants' minimum contacts also include negotiating and entering into the agreements and business relationships with American Discovery and Extend in the State of New York, working as employees in the State of New York, attending meetings and attendance at Coast's product demonstrations in the State of New York.

13.     The Defendants Coast, Pierre and Royere are also subject to jurisdiction in New York as Defendants in another litigation in this Court, where they have been alleged

3

to have committed a substantial fraud and theft in <u>Meridian Autonomous, Inc. v. Coast, et. al.,</u> Case No. 1:17-cv-05846(VSB).

14.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

15.     On or about March 27, 2017, Coast, through Hickey and Sussmann, entered into an agreement with American Discovery and Extend in which American Discovery and Extend each agreed to provide a services credit to Coast, in a total amount of $300,000, in exchange for an ownership interest in Coast.

16.     In accordance with the Agreement, American Discovery and Extend each obtained a 1% ownership interest in Coast, and each provided Coast with a services credit in the amount of $150,000.

17.     At the time of the Agreement, Coast did not have a written operating agreement.

18.     American Discovery's and Extend's 1% ownership interests in Coast were memorialized in a capital table ("CAP table") prepared by Coast, a true copy of which is annexed hereto as **Exhibit A**.

19.     The CAP table unequivocally identifies the owners of Coast, including American Discovery and Extend, and their respective ownership interests as of March 31, 2017, as well as the projected ownership interests as of May 31, 2017.

20.     Thereafter, Hickey and Sussmann represented to third parties, including through an updated CAP table, that American Discovery and Extend were owners of Coast

4

as of August 21, 2017.  A true copy of the "updated CAP table" is annexed hereto as **Exhibit B**.

21.     At all times, American Discovery and Extend were listed as and treated as each owning a 1% interest in Coast.

22.     In November 2017, in litigation currently pending in the United States District Court for the Southern District of New York, captioned, <u>Meridian Autonomous, Inc. v. Coast Autonomous LLC</u>, 1:17-cv-05846-VSB, in which Coast and other Defendants here are being sued for a substantial theft of trade secrets and intellectual property, Coast was required by the Court to identify all members (owners) of Coast for purposes of jurisdiction.  In connection with its filing, Coast represented to the Court that American Discovery and Extend were members of Coast.

23.     A true copy of Coast's filing with the Court, together with the ownership chart is annexed hereto as **Exhibit C**.

24.     In consideration of their ownership interest in Coast, American Discovery and Extend, each provided a $150,000 services credit to Coast for Coast to utilize, in its discretion, as a credit towards services that may be provided for or to Coast.

25.     In this regard, Coast sought to utilize and actually utilized a portion of the services credit it had obtained from Extend.

26.     Indeed, Extend provided services to Coast with respect to its corporate filings, securing of liability insurance in support of product demonstrations, formulation of marketing and public relations materials, including website creation, and administrative and IT services. Extend also provided assistance with various financial tasks and was asked

5

68915834

to take on the responsibility for setting up of the chart of accounts and preparing Coast's financial statements.

27.     In its discretion, Coast elected not yet to utilize the services credit that it obtained from American Discovery.

28.     Similarly, on or about March 27, 2017, Coast entered into an agreement with Hickey Smith LLP ("Hickey Smith"), a law firm where Hickey is the Managing Partner, for Hickey Smith to provide a services credit to Coast in a total amount of $450,000 in exchange for a 3% ownership interest in Coast.

29.     In this regard, Coast sought to and actually utilized a significant portion of the services credit obtained from Hickey Smith.

30.     In reliance upon American Discovery's, Extend's and Hickey Smith's ownership interests in Coast, in November 2017, Plaintiff HGC as secured lender, agreed to advance additional funds under its various financing arrangements with American Discovery, Extend and Hickey Smith, where the ownership interest in Coast served as part of the secured collateral.

31.     Indeed, in connection with these additional advances, both Coast and Hickey made clear that they were aware that the membership interests in Coast were an important piece of HGC's collateral.

32.     In fact, in November of 2017, Hickey, on behalf of Coast, confirmed to HGC's treasurer that American Discovery, Extend and Hickey Smith were each owners of Coast and acknowledged that the ownership interest in Coast would serve as collateral in

68915834

support of HGC increasing its loan advances under the credit facilities with American Discovery, Extend and Hickey Smith.

33.     Based upon Hickey's representations, HGC made additional advances, commencing in November 2017, under its secured credit facilities with American Discovery, Extend and Hickey Smith in amounts that now total in excess of $3.0 million (the "Debt"), where all of the assets of American Discovery, Extend and Hickey Smith, including their ownership in Coast, were pledged as collateral.

34.     On March 8, 2018, and as a further memorialization of their ownership in Coast, Coast sent an email to Extend's Vice President of Administration, requesting tax ID numbers for Hickey Smith, American Discovery and Extend, in order for Coast to issue K-1's for each company. A true copy of this communication is annexed hereto as **Exhibit D.**

35.     Thereafter, on July 17, 2018, a representative American Discovery and Extend, as well as members of Coast, attended Coast's well-publicized and well-received demonstration of its self-driving shuttle which was conducted in Times Square, New York City.

36.     On July 25, 2018, not yet having received their K-1 filings for 2017, Howard Hoffmann, on behalf of American Discovery, Extend and Hickey Smith inquired of Coast as to when these entities might receive their K-1s. A true copy of the email is annexed hereto as **Exhibit E.**

37.     Hoffmann advised that the failure to timely provide the K-1's was adversely affecting the entities (and their partners) compliance with statutory filings and the ability to file timely tax returns.

38.     Coast responded via email on July 30, 2018, stating contrary to the parties'
prior agreement – where American Discovery had been confirmed as an owner of 1% of
Coast in exchange for a $150,000 services credit – that American Discovery had not
"earned" a 1% interest in Coast.  The email went on to state that "for a variety of reasons,
Coast has decided to take a different approach.  Therefore, American Discovery will not
perform services for Coast.  Accordingly, American Discovery has not earned and will not
earn any interest in Coast."

39.     Unquestionably, Coast's July 30, 2018 email and its attempted repudiation
of American Discovery's ownership interest in Coast was directly contrary to: (i) Coast's
agreement with American Discovery; (ii) its representations to this Court and others; and
(iii) its repeated memorialization of American Discovery's 1% membership interest.  A
true and correct copy of Coast's July 30, 2018 email is annexed hereto as **Exhibit F.**

40.     In the July 30, 2018 email, Coast also advised that it had changed its tax
filing status from a partnership to a corporation retroactively to 2017 and, as a result, no
K-1's would be issued to American Discovery, Extend or Hickey Smith.

41.     Coast further indicated that approval of its tax change was mailed to Coast
at an address managed by Extend under its services arrangement.  Despite Coast's
representation, no approval from the IRS of Coast's tax status has been received at the
identified address.

42.     On August 28, 2018, in a telephone conversation with Hickey, Howard
Hoffmann, on behalf of American Discovery, Extend and Hickey Smith, sought to obtain
a copy of the document from the IRS evidencing approval of the change in Coast's tax

8

status.  Later that day, the request was reiterated to Mark Snyder ("Snyder"), Coast's Director of Business and Legal Affairs.  Unfortunately, Coast refused and has continued to refuse to provide a copy of the requested document.

43.     American Discovery and Extend have engaged in discussions with Coast in an effort to resolve the instant dispute with respect to their ownership interests in Coast.

44.     Unfortunately, as of the date of this filing, Coast has failed and refused to provide appropriate K-1s, or evidence of a change in tax status, has continued to take the position that American Discovery now has no ownership interest in Coast, despite its prior representations to American Discovery, to third parties and to the Court that American Discovery was a 1% owner, and has acted in a manner where it threatens Extend's 1% interest in Coast.

45.     Additionally, Coast, Hickey and Sussmann have deprived American Discovery and Extend of their right, as minority members, to participate in the affairs and activities of Coast by, among other things, refusing to provide information relating to Coast's current and proposed operations.

46.     Unquestionably, Coast has sought to eviscerate American Discovery's ownership interest in Coast, to freeze it out and to destroy any and all rights and privileges that it expected as a member.

47.     There is simply no doubt that by seeking to altogether destroy American Discovery's business interest in Coast, including its participation in Coast's business and its access to financial information as a member, that American Discovery is faced with irreparable harm.

48.     Moreover, Extend is threatened with irreparable harm with Coast's refusal to provide relevant and necessary financial information, including a K-1. Additionally, by changing Coast's tax status retroactive to 2017, claiming that American Discovery has no equity stake in Coast, and largely ceasing to utilize the services of Extend, Coast has threatened Extend's ownership interest in Coast.

49.     To meet its tax filing deadline, and absent its receipt of a K-1, Extend was left with no alternative, but to exclude from its taxable income/(loss) Extend's 1% share of Coast's losses in 2017. Thus, Extend will have no choice but to seek to amend its tax return upon its receipt of a K-1 for 2017.

50.     HGC, as a third party beneficiary to Coast's agreements with American Discovery, Extend and Hickey Smith, is similarly threatened with irreparable harm. Indeed, with Coast now taking the position that American Discovery's ownership interest in Coast is voided by Coast's decision not to utilize the services credit from American Discovery, and given Coast's conduct in threatening the ownership interest of both Extend and Hickey Smith in Coast, HGC's security interest in the collateral supporting the Debt is or is threatened to be impaired. As a consequence, HGC's ability to collect upon the Debt is in jeopardy, entitling HGC to injunctive relief against Coast.

51.     Based upon the foregoing, and so as to avoid irreparable harm, American Discovery, Extend and HGC bring this action to obtain injunctive and declaratory relief for Coast's unlawful conduct.

## FIRST COUNT
## Violation of the California Revised Uniform Limited Liability Company Act

52. Plaintiffs incorporate by reference the Factual allegations in the Complaint as though set forth herein at length.

53. Coast is a California limited liability company and therefore subject to the California Revised Uniform Limited Liability Company Act.

54. Coast, together with Hickey, Pierre, Max, Royere and Sussmann, as members in control of Coast, defeated American Discovery and/or Extend's reasonable expectations and/or acted oppressively towards American Discovery and Extend within the meaning of the Act by: (i) eliminating, reducing or otherwise denying American Discovery's and/or, upon information and belief, Extend's ownership interest in Coast, denying/refusing American Discovery and/or Extend from an opportunity to participate in the business of Coast; and refusing to distribute K-1s or provide financial information.

55. The aforesaid acts of oppression were, are and will be directly harmful to American Discovery and Extend and are in direct violation of the Act.

56. As a direct and proximate result of Defendants' violations of the Act, American Discovery and Extend have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Defendants Coast Autonomous LLC, David Hickey, Pierre Lefevre, Max Lefevre, Cyril Royere and Adrian Sussmann, jointly and severally, as follows:

68915834

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC;

(b)     For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## SECOND COUNT
### (Tortious Interference with a Prospective Economic Advantage)

54.     Plaintiffs incorporate by reference the allegations in the First Count of the Complaint as though set forth herein at length.

55.     By virtue of their membership interests in Coast, American Discovery and Extend had a reasonable expectation of economic gain, including an expectation to receive an opportunity to participate in Coast's business, to receive financial information and financial distributions from surplus income generated from Coast's business operations.

56.     Additionally, as a secured lender for American Discovery, Extend and Hickey Smith, HGC had a reasonable expectation of economic gain, including an expectation to have the ownership interest of Coast as part of its secured collateral.

12

57.    Defendants intentionally and maliciously interfered with Plaintiffs' expectation of economic gain by, *inter alia*, (i) refusing to distribute any of Defendants' income to Plaintiffs, (ii) utilizing Plaintiffs' income and/or assets for their own personal benefit to the Plaintiffs' detriment, (iii) by seeking to eliminate and/or reduce American Discovery's and/or, upon information and belief, Extend's ownership interest; (iv) eliminating or diminishing HGC's collateral; and (v) by refusing to permit Plaintiffs an opportunity to participate in Coast's business, provide K-1's and/or other financial information.

58.    Defendants' interference with Plaintiffs' prospective economic advantage was not lawfully justified and is fraudulent, dishonest, and/or unlawful.

59.    Defendants conduct has been intentional, willful, wanton, and undertaken with the purpose of enriching themselves and at the expense of Plaintiffs.

60.    As a direct and proximate cause of Defendants' tortious interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(a)    For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith LLP includes its 3% interest in Coast Autonomous LLC;

13

68915834

(b)     For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## THIRD COUNT
### (Tortious Interference with Contract)

61.     Plaintiffs incorporate by reference the allegations in the First and Second Counts of the Complaint as though set forth herein at length.

62.     Hickey, who is a partner in Hickey Smith, is also an attorney for Coast and serves as an owner and director of Coast.  Certainly, Coast, Hickey, Pierre, Max, Royere and Sussmann knew or should have known of HGC's agreements with American Discovery, Extend and Hickey Smith for Coast to serve as a secured lender, where the ownership in Coast would serve as part of HGC's secured collateral.

63.     Similarly, Hickey, Pierre, Max, Royere and Sussmann knew or should have known of Coast's agreement with American Discovery and Extend for American Discovery and Extend to each have a 1% interest in Coast in exchange for a $150,000 services credit.

14

68915834

64.    Notwithstanding that knowledge, Coast, Hickey, Pierre, Max, Royere and Sussmann tortiously interfered with the aforesaid agreements as set forth above.

65.    Defendant's tortious conduct was willful and intentional with malice for the purpose of enriching themselves at the expense of HGC.

66.    As a direct and proximate result of Defendants' willful and intentional interference with contractual relations, HGC has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(a)    For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith LLP includes its 3% interest in Coast Autonomous LLC;

(b)    For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)    For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)    Compensatory and consequential damages;

(e)    Costs, interest and reasonable attorney's fees;

(f)    Pre and post judgment interest; and

(g)    For such other and further relief as the Court may deem equitable and just.

15

68915834

## FOURTH COUNT
### (Conversion)

67.     Plaintiffs incorporate by reference the allegations in the First through Third Counts of the Complaint as though set forth herein at length.

68.     Defendants have willfully and wrongfully exercised dominion and control over the property, including assets and income, of American Discovery and/or Extend without proper authorization to which Plaintiffs are lawfully entitled.

69.     As a direct and proximate cause of Defendants' conversion, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Defendants Coast Autonomous LLC, David Hickey, Pierre Lefevre, Max Lefevre, Cyril Royere and Adrian Sussmann, jointly and severally, as follows:

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC;

(b)     For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

16

68915834

(f)   Pre and post judgment interest; and

(g)   For such other and further relief as the Court may deem equitable and just.

## FIFTH COUNT
### (Breach of Contract)

70.   Plaintiffs incorporate by reference the allegations in the First through Fourth Counts of the Complaint as though set forth herein at length.

71.   Coast entered into an agreement with American Discovery and Extend to provide each with a 1% ownership interest in Coast in exchange for a services credit (the "Agreement").

72.   American Discovery and Extend performed under the Agreement by providing services credits to Coast.

73.   Coast memorialized the Agreement in "CAP" tables and in court filings.

74.   Coast has breached the Agreement by eliminating, reducing and/or denying American Discovery's and/or, upon information and belief, Extend's ownership interest in Coast, by refusing to permit participation in Coast's business and by refusing to provide financial information and K-1's.

75.   As a direct and proximate cause of Defendants' breach of contract, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Defendant Coast Autonomous, LLC, as follows:

17

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC;

(b)     For the entry of an Order compelling Coast to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## SIXTH COUNT
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

76.     Plaintiffs incorporate by reference the allegations in the First through Fifth Counts of the Complaint as though set forth herein at length.

77.     The parties entered into the Agreement.

78.     By its willful, wanton and bad faith conduct aforesaid, Coast has breached the covenant of good faith and fair dealing implied in every agreement.

79.     As a direct and proximate result of Coast's breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

18

68915834

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Coast Autonomous, LLC, as follows:

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC;

(b)     For the entry of an Order compelling Coast to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## SEVENTH COUNT
### (Breach of Fiduciary Duty)

80.     Plaintiffs, incorporate by reference the allegations in the First through Sixth Counts of the Complaint as though set forth herein at length.

81.     The members of a limited liability company, and managing members of a limited liability company, have a fiduciary duty to other members and to the company.

82.     Defendants breached their fiduciary duties to American Discovery and Extend by, *inter alia*, (i) refusing to distribute income and/or allocate profits or losses, (ii) failing to maximize Defendants' income and/or profits, (iii) using Defendants' ownership

19

68915834

interest, assets, income and/or services for their own use and benefit and to Plaintiffs' detriment; (iv) failing to provide financial information and K-1s; and (v) failing to acknowledge American Discovery's and/or Extend's 1% ownership interest,.

83.    As a direct and proximate result of Defendants' breaches of their fiduciary duties, plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Defendants David Hickey, Pierre Lefevre, Max Lefevre, Cyril Royere and Adrian Sussmann, jointly and severally, as follows:

(a)    For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC;

(b)    For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)    For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)    Compensatory and consequential damages;

(e)    Costs, interest and reasonable attorney's fees;

(f)    Pre and post judgment interest; and

(g)    For such other and further relief as the Court may deem equitable and just.

68915834

## EIGHTH COUNT
### (Accounting)

84.    Plaintiffs incorporate by reference the allegations in the First through Seventh Counts of the Complaint as though set forth herein at length.

85.    Plaintiffs American Discovery and Extend are members and owners of Coast.

86.    As set forth above, Plaintiffs have presented facts establishing their proper purpose for an inspection of Coast's books and records and an accounting from Defendants.

87.    As owners, plaintiffs American Discovery and Extend are entitled to access to Coast's financial records.

88.    Plaintiffs' requests for financial records, including K-1's, have been denied.

89.    As a direct and proximate result of Defendants' actions, plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs American Discovery Limited and Extend Resources LLC respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(a)    For the entry of an Order compelling an accounting;

(b)    For the entry of an Order compelling Coast, Hickey, Pierre, Max, Royere and Sussmann to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)    For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)    Compensatory and consequential damages;

21

68915834

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## NINTH COUNT
### (Common Law Fraud)

90.     Plaintiffs incorporate by reference the allegations in the First through Eighth Counts of the Complaint as though set forth herein at length.

91.     At all times material hereto, Coast, through Hickey, made representations to American Discovery and Extend that they were and/or are owners and members of Coast and would otherwise permit American Discovery and Extend to realize the benefits of their ownership interest therein.

92.     Coast, through Hickey, made representations to HGC that American Discovery, Extend and Hickey Smith are owners and members of Coast.

93.     The representations were made to Hoffmann and were material when made.

94.     Coast and Hickey knew or should have known that their representations were false when made.

95.     Plaintiffs relied upon the foregoing representations by agreeing to provide service credits to Coast, and/or in providing financing to American Discovery, Extend and Hickey Smith.

96.     As a direct and proximate result of the misrepresentations, as set forth above, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Coast and Hickey, jointly and severally, as follows:

22

68915834

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith includes its 3% interest in Coast;

(b)     For the entry of an Order compelling Coast and Hickey to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

## TENTH COUNT
### (Negligent Misrepresentation)

97.     Plaintiffs incorporate by reference the allegations in the First through Ninth Counts of the Complaint as though set forth herein at length.

98.     In light of their relationship as members of Coast, Defendants owed Plaintiffs a duty of care to act in good faith.

99.     Defendants negligently made false statements of fact or omitted statements of material fact as set forth above.

100.    Plaintiffs reasonably relied upon these statements in agreeing to provide service credits to Coast, providing services to Coast, and/or in providing financing to American Discovery, Extend and Hickey Smith.

23

101.   By reason of the foregoing negligent misrepresentations, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Coast and Hickey, jointly and severally, as follows:

(a)   For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith includes its 3% interest in Coast.

(b)   For the entry of an Order compelling Coast and Hickey to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)   For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)   Compensatory and consequential damages;

(e)   Costs, interest and reasonable attorney's fees;

(f)   Pre and post judgment interest; and

(g)   For such other and further relief as the Court may deem equitable and just.

## ELEVENTH COUNT
### (Conspiracy)

102.   Plaintiffs incorporate by reference the allegations in the First through Tenth Counts of the Complaint as though set forth herein at length.

103.   Defendants have acted in concert to commit unlawful acts by unlawful means through an agreement among themselves to inflict wrong upon American Discovery, Extend and/or HGC and, thereby, inflict wrong and harm upon Plaintiffs.

24

68915834

104.    Thus, Defendants engaged in a civil conspiracy to deny Extend and American Discovery their ownership interests in Coast and otherwise preclude them from enjoying the rights and benefits of their ownership interest in Coast and to deny HGC the fruits of its financing agreements.

105.    As a direct and proximate result of the foregoing overt acts of civil conspiracy, Plaintiffs have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith includes its 3% interest in Coast;

(b)     For the entry of an Order compelling Defendants to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

(g)     For such other and further relief as the Court may deem equitable and just.

68915834

## TWELFTH COUNT
### (Third Party Beneficiary)

106.    Plaintiffs incorporate by reference the allegations in the First through Eleventh Counts of the First Complaint as though set forth herein at length.

107.    HGC, as a secured lender on the Debt, is a third party beneficiary under the Agreement and under an agreement between Coast and Hickey Smith for the provision of services in exchange for an ownership interest in Coast.

108.    As a direct and proximate result of Coast's breaches of the Agreement and/or any threatened breach of any agreement with Hickey Smith, HGC has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Coast Autonomous LLC, as follows:

(a)    For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith includes its 3% interest in Coast;

(b)    For the entry of an Order compelling Coast and Hickey to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)    For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)    Compensatory and consequential damages;

(e)    Costs, interest and reasonable attorney's fees;

(f)    Pre and post judgment interest; and

68915834

(g)     For such other and further relief as the Court may deem equitable and just.

### THIRTEENTH COUNT
#### (Unjust Enrichment)

109.    Plaintiffs incorporate by reference the allegations in the First through Twelfth Counts of the Complaint as though set forth herein at length.

110.    As a direct and proximate result of the foregoing, Defendants have been unjustly enriched at the expense of Plaintiffs.

111.    As a direct and proximate result of the Defendants' unjust enrichment, Extend, American Discovery and HGC have suffered and continue to suffer damages.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(a)     For the entry of an Order declaring and adjudicating that American Discovery Limited and Extend Resources LLC are each owners of a 1% interest in Coast Autonomous LLC and that HGC's secured interest in Hickey Smith includes its 3% interest in Coast;

(b)     For the entry of an Order compelling Defendants to immediately provide K-1's to American Discovery Limited and Extend Resources LLC for 2017;

(c)     For the entry of an Order declaring and adjudicating any change in Coast's tax filing status to be void ab initio;

(d)     Compensatory and consequential damages;

(e)     Costs, interest and reasonable attorney's fees;

(f)     Pre and post judgment interest; and

27

(g)    For such other and further relief as the Court may deem equitable and just.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs*

  /s/ **Marc J. Gross**
MARC J. GROSS, ESQ.
101 Park Avenue
17th Floor
New York, New York 10178
Tel: 212-878-7900
Fax: 212-692-0940

Dated:  October 18, 2018

## JURY DEMAND

Plaintiffs, American Discovery Limited, Extend Resources LLC and HGC, Inc.

hereby demand a trial by jury as to all issues so triable.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs*

  /s/ **Marc J. Gross**
MARC J. GROSS, ESQ.
101 Park Avenue
17th Floor
New York, New York 10178
Tel: 212-878-7900
Fax: 212-692-0940

Dated:  October 18, 2018

68915834

## <u>VERIFICATION</u>

HOWARD HOFFMANN, of full age, under oath, hereby declares as follows:

1.     I am a Member of plaintiff Extend Resources LLC and the Executive Director of plaintiff American Discovery Limited.

2.     I declare under the penalty of perjury that the facts set forth in this Verified Complaint are true and correct.

HOWARD HOFFMANN

Executed on October _17_, 2018

29

**Error! Unknown document property name.**